NO. 15-000174-CV-85

| | | |
|---|---|---|
| DALE LEALAND SLEDGE, Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | 85TH JUDICIAL DISTRICT |
| SAM'S EAST INC. Defendant. | § § § | BRAZOS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Dale Lealand Sledge, hereinafter called Plaintiff, complaining of and about Sam's East Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.   Plaintiff, Dale Lealand Sledge, is an individual whose address is 6095 Hardy Weedon Road, College Station, Texas 77845.

3.   The last three numbers of Dale Lealand Sledge's driver's license number is 274.

4.   Defendant, Sam's East Inc., is a foreign corporation doing business in Texas and has been served with process and has filed an answer hereof.

### JURISDICTION AND VENUE

5.   The subject matter in controversy is within the jurisdictional limits of this court.

6.   Plaintiff seeks:

   a.   only monetary relief of $1000,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.



7. This court has jurisdiction over the parties because Defendant is a foreign corporation doing business in this county.

8. Venue in Brazos County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9. At all times material hereto, Sam's East Inc. maintained and controlled the College Station Sam's Club premises located at 1405 Earl Rudder Freeway, College Station, Brazos County, Texas.

10. On or about August 15, 2014, Plaintiff, Dale Lealand Sledge, entered upon said premises for the purpose of shopping. He entered on the said property controlled by Defendant, Sam's East Inc., at the invitation of Defendant, Sam's East Inc., to engage in the act of shopping.

11. During the time that Plaintiff, Dale Lealand Sledge, was upon the property controlled by Defendant, Sam's East Inc., he was seriously injured as a result of a dangerous condition in that he was electrocuted while checking out at a self check-out device. As a result of being electrocuted, Plaintiff was jolted, causing his body to involuntarily spasm and injuring his neck.

12. Plaintiff, Dale Lealand Sledge's bodily injuries occurred as a direct result of being electricuted, which was proximately caused by the dangerous condition described above, which Defendant, Sam's East Inc. knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF SAM'S EAST INC.

13. At all times mentioned herein, Defendant, Sam's East Inc. owned, occupied, maintained and controlled the property in question, located at 1405 Earl Rudder Freeway, College Station, Brazos County, Texas.

14. At all times mentioned herein, Defendant, Sam's East Inc., had such control over the premises in question that Defendant, Sam's East Inc., owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15. Defendant, Sam's East Inc.'s agents, servants, and employees negligently permitted invitees to be electrocuted as a result of faulty equipment, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff, Dale Lealand Sledge, of the faulty equipment. This condition existed despite the fact that Defendant, Sam's East Inc.'s agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff, Dale Lealand Sledge.

16. Furthermore, alternately and/or additionally, Plaintiff, Dale Lealand Sledge, would show the court that the faulty equipment had continued for such a period that, had Defendant, Sam's East Inc.'s agents exercises ordinary care in the maintenance of the equipment, it would have been noticed and corrected by such persons.

17. At all times pertinent herein, Defendant, Sam's East Inc., and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward Plaintiff, Dale Lealand Sledge, in:

    A. Failing to properly inspect and maintain the faulty equipment in question to discover the dangerous condition;

    B. Failing to maintain the faulty equipment in a reasonably safe condition;

    C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the faulty equipment;

    D. Failing to give warnings to Plaintiff of the unsafe condition; and

    E. Failing to discover and place an out-of-order sign on the faulty equipment within a reasonable time.

## PROXIMATE CAUSE

18. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, Sam's East Inc., taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## EXEMPLARY DAMAGES

19. Defendant, Sam's East Inc.'s acts or omissions described above, when viewed from the standpoint of Defendant, Sam's East Inc., at the time of the act of omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff, Dale Lealand Sledge, and others. Defendant, Sam's East Inc., had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff, Dale Lealand Sledge, and others.

20. Based on the facts stated herein, Plaintiff, Dale Lealand Sledge, requests exemplary damages be awarded to Plaintiff from Defendant, Sam's East Inc.

## DAMAGES FOR PLAINTIFF, DALE LEALAND SLEDGE

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Dale Lealand Sledge, was caused to suffer injuries and to incur the following damages:

> A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Dale Lealand Sledge, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Brazos County, Texas;
>
> B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
>
> C. Physical pain and suffering in the past;
>
> D. Physical pain and suffering in the future;
>
> E. Physical impairment in the past;

F. Physical impairment which, in all reasonably probability, will be suffered in the future;

G. Mental anguish in the past; and

H. Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Dale Lealand Sledge, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Kevin Kornegay
Texas Bar No. 24091082
E-mail: Kevin@ChadJonesLaw.com
1009 N. Earl Rudder Frwy.
Post Office Box 4408
Bryan, Texas 77805
Tel. (979) 823-7300
Fax. (979) 774-1100
Attorney for Plaintiff,
Dale Lealand Sledge

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument was served on John A. Ramirez via facsimile at (713) 622-8077 on the 18 day of March, 2015.

_____
Kevin Kornegay